UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


EDILIO RAMON RUBIO SANTANA,

      Petitioner,

v.

                                Case No. 3:26-cv-460-MMH-SJH

WARDEN, BAKER COUNTY
FACILITY, et al.,

      Respondents.

_____

## ORDER

### I. Status

Petitioner Edilio Ramon Rubio Santana, an immigration detainee, initiated this action by filing, through counsel, a Petition for Writ of Habeas Corpus (Doc. 1) on March 3, 2026. Respondents filed a Response to Petition for Writ of Habeas Corpus (Doc. 9). Santana filed a counseled Reply (Doc. 12). This matter is ripe for review.

### II. Background

Santana is a citizen of Cuba who entered the United States near Roma, Texas on February 24, 2022. Petition at 3. Department of Homeland Security officials detained Santana and issued him a Notice to Appear. Id. On February 27, 2022, DHS released Santana pursuant to an Order of Release on

Recognizance. Id. After his release, Santana applied for asylum and other relief pursuant to the Cuban Adjustment Act. Id. at 3–4.

On February 17, 2026, while transporting commercial cargo, law enforcement officers stopped Santana at an agricultural checkpoint and detained him. Id. at 4–5. United States Immigration and Customs Enforcement assumed custody of Santana on February 19, 2026. Id. at 5.

### III. Analysis

The crux of Santana's Petition is that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). See Petition at 9–18.[1] As relief, he seeks, inter alia, immediate release. Id. at 22. Respondents argue that this Court lacks jurisdiction over Santana's claims, he failed to exhaust his administrative remedies, and he is properly detained under § 1225(b). See Response at 3–11.

The Court is satisfied it has jurisdiction over Santana's claims and further administrative exhaustion would be futile. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778 (M.D. Fla. Apr. 21, 2026); Lopez v. Rhoden, No. 3:26-CV-94-MMH-PDB, 2026 WL 931190 (M.D. Fla. Apr.

---

[1] Because the Court finds that Santana is entitled to relief on his assertion that Respondents are violating the Immigration and Nationality Act by classifying him under § 1225, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

7, 2026); <u>Garcia v. Warden</u>, No. 3:26-CV-271-MMH-SJH, 2026 WL 900145 (M.D. Fla. Apr. 2, 2026). As to the merits, the United States Court of Appeals for the Eleventh Circuit has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." <u>Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami</u>, - - - F.4th - - -, 2026 WL 1243395, at *14 (11th Cir. May 6, 2026). Therefore, given that Santana entered the United States without inspection and has been residing here for some time, he is not properly detained under § 1225(b)(2) as Respondents contend and the Court finds that release is the appropriate remedy. <u>See</u> <u>Fonseca</u>, 2026 WL 1072778 at *5 (finding immediate release to be the appropriate remedy based on the government's failure to argue in the alternative that petitioner would be subject to § 1226 and the government's inability to guarantee that a bond hearing would be held[2]).

Accordingly, it is **ORDERED**:

1. Santana's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act. Respondents shall

---

[2] In the <u>Fonseca</u> case, the federal respondents represented that they would attempt to "facilitate" a bond hearing if the Court ordered one. <u>Fonseca</u>, 2026 WL 1072778, at *5. Here, Respondents did not include that statement in their Response. But the Court still finds that release is appropriate here. Respondents certify that they are holding Santana under § 1225(b)(2), <u>see</u> Response at 3, and the Court finds that § 1225(b)(2) does not apply to Santana. Thus, without any lawful basis for this detention, Santana is entitled to immediate release.

release Santana **within 24 hours of this Order**, and they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2.     The **Clerk** is directed to terminate any motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of May, 2026.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 5/19
c:
Counsel of Record

4